DONALD L. SPAFFORD, JR.     6188
Pauahi Tower, Suite 470
1003 Bishop Street
Honolulu, Hawaii 96813
Phone: (808) 532-6300
Fax:(808) 532-6309
e-mail: spafford@lava.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | Case No. 11-01032 |
| | ) | (Chapter 11) |
| UNITY HOUSE, INCORPORATED, | ) | |
| | ) | DEBTOR'S EMERGENCY MOTION FOR |
| Debtor. | ) | INTERIM AND FINAL ORDERS |
| | ) | AUTHORIZING USE OF CASH |
| | ) | COLLATERAL PURSUANT TO 11 |
| | ) | U.S.C. § 363(c)(2) |
| | ) | |
| | ) | Hearing |
| | ) | Date: TBD |
| | ) | Time: TBD |
| | ) | Judge: Hon. Robert J. Faris |
| _____ | ) | |

DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL
ORDERS AUTHORIZING USE OF CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363(c)(2)

UNITY HOUSE, INCORPORATED, debtor-in-possession ("Debtor"), hereby moves this Court for (1) an order (A) authorizing Debtor's interim use of cash collateral pursuant to 11 U.S.C. § 362(c)(2), (B) scheduling a date and time for a hearing for a final order authorizing use of cash collateral pursuant to § 362(c)(2), (C) granting final authorization for Debtor to use of cash collateral pursuant to § 362(c)(2), and (D) granting Debtor such other relief as is appropriate, and (2) an expedited hearing on this motion.

This motion is made on the basis of the following:

**I. Concise Statement**

1. Each entity with an interest in cash collateral:

    MK Pacific LLC ("MK Pacific")

2. Purposes for the use of cash collateral:

   (A) to pay the reasonable and ordinary expenses incurred by Castle Resorts and Hotel ("Castle Resorts") as the hotel management company in operating and maintaining The Lotus Hotel at Diamond Head, including certain pre-petition expenses, and

   (B) to pay the Debtor's reasonable and ordinary expenses in maintaining its real properties and assets.

3. The material terms of the use of the cash collateral:

   (A) From the revenues of The Lotus Hotel at Diamond Head ("Lotus Hotel"), Castle Resorts will use, depending on the monthly gross revenues, between (1) $61,000.00 and $71,000.00 per month to pay the operating expenses of the Lotus Hotel, (2) $14,000.00 and $20,000.00 per month to pay its management fee, and (3) $10,000.00 to $14,000.00 per month to pay fixed expenses (insurance and equipment).

   (B) From the rental revenue of $1,000.00 per month from the Ala Wai Property (as described below), the net income from the Lotus Hotel which Debtor expects to be as much as $30,000.00 per month, and other rental and interest income, Debtor will pay about $32,000.00 per month for operating expenses.

4. Adequate Protection for Secured Creditor:

   (A) the granting of replacement liens in the Debtor's post-petition cash collateral, notwithstanding 11 U.S.C. § 552.

   (B) the excess equity in the Lotus Hotel properties (as described below) and the Ala Wai Property. MK Pacific is owed about $6 million, and it holds mortgages on the Lotus Hotel parcels and the Ala Wai Property, which have a total value of about $16.65 million.

   (C) monthly reports to MK Pacific reporting on the uses made of cash collateral each month.

5. Request for Expedited Hearing:

   Debtor requests an expedited hearing pursuant to Fed. Rules Bankr. Proc. Rule 4001(b)(2).

**II. Jurisdiction**

6. This court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). This court is the proper venue under 28 U.S.C. §§ 1408 and 1409.

7. Relief is requested pursuant to 11 U.S.C. § 362(b)(2), Fed. Rules Bankr. Proc. Rules 4001 and 6003, and LBR 4001-2.

**III. General Information**

8. On April 13, 2011, Debtor filed its petition in this court

seeking relief under Chapter 11 of the Bankruptcy Code.

9. No creditors' committee has been appointed yet in this case. No trustee has been appointed for this case.

10. Debtor is a nonprofit corporation established and existing under the laws of the State of Hawaii and provides various benefits and events for the members of the Local 996, Teamsters Union, and the Local 5, Hotel and Restaurant Workers Union. Debtor's head office is located at 1701 Ala Wai Boulevard, Honolulu, Hawaii 96815.

11. Debtor is the owner of a hotel known as The Lotus at Diamond Head located at 2885 Kalakaua Avenue, Honolulu, Hawaii 96815 ("Lotus Hotel"). The Lotus Hotel building sits on leasehold property, and its two parking lots are on fee simple parcels owned by the Debtor. Debtor also owns a parcel of real property located at 1701 Ala Wai Boulevard, Honolulu, Hawaii 96815 ("Ala Wai Property"), at which it maintains its headquarters, and owns a condominium apartment at Pat's Punaluu at 53-567 Kamehameha Highway, #M-202, Hauula, HI 96717 ("Punaluu Condo"). The rental income from the Ala Wai Property is $3,000.00 per month, and the rental income from the Punaluu Condo is $2,700.00 per month.

12. The Lotus Hotel properties are Debtor's most valuable asset. The value of the Lotus Hotel properties is estimated to be about $13 million. The last appraisal of the Lotus Hotel properties in September 2010 determined the value to be $12.69 million. A new appraisal of the Lotus Hotel properties is currently being done. An appraisal of the Ala Wai Property completed on April 11, 2011 determined the value of that property to be $3.96 million.

13. Castle Resorts and Hotels ("Castle Resorts") manages and operates the Lotus Hotel on behalf of the Debtor under a hotel management contract. Castle Resorts maintains separate accounts into which revenues of the Lotus Hotel are deposited and from which the expenses of the Lotus Hotel are paid. Castle Resorts has converted these accounts into debtor-in-possession accounts.

14. The Lotus Hotel continues to be operated pursuant to 11 U.S.C. §§ 1107(a) and 1108. The Lotus Hotel employs about 30 employees. It generates revenues of about $160,000.00 to $221,000.00 per month. The Lotus Hotel's monthly operating expenses are about $62,000.00 to $71,000.00 per month, and its net income is between $11,000.00 to $43,000.00 per month. Castle Resorts is paid a management fee of about $14,000.00 to $20,000.00 per month for managing and operating the Lotus Hotel pursuant to the Management Contract.

15. A 90-day budget for the operations of the Lotus Hotel is attached as Exhibit 1 to the Declaration of Randall Harakal filed herein. A 90-day budget for Debtor's expenses is attached as Exhibit 2 to that Declaration of Randall Harakal.

16. Debtor has two secured creditors. MK Pacific holds the only mortgage on the leasehold parcel and the fee simple parcels that constitute the Lotus Hotel. MK Pacific also holds the only mortgage on the Ala Wai Property. MK Pacific is owed about $6 million on the loan secured by these mortgages, which are on real properties having a total value of about $16.65 million. MK Pacific holds or may hold liens on Debtor's "Cash Collateral" as that term is defined in 11 U.S.C. § 363(a). Adam and Linda Enos hold a mortgage on the Punaluu Condo securing a loan of $100,000.00. Adam Enos is an officer and director of the Debtor.

17. No consent of MK Pacific has yet been obtained for the use of cash collateral.

18. In order for Castle Resorts to continue operating the Lotus Hotel for Debtor, the Debtor needs court authorization to use the Cash Collateral, both pre-petition and post-petition Cash Collateral, in the ordinary course of business, (a) to pay its reasonable and ordinary expenses, including those incurred in operating and maintaining the Lotus Hotel, and (b) to administer and preserve the assets of the bankruptcy estate.

## III. LEGAL BASIS FOR RELIEF REQUESTED

19. Under 11 U.S.C. § 363(c)(2), a trustee, including a debtor-in-possession, is not allowed to use cash collateral unless each entity that has an interest in the cash collateral consents or the court authorizes the use of cash collateral. 11 U.S.C. § 363(c)(2)(B) permits this court, after notice and hearing, to authorize the Debtor to use, sell, or lease cash collateral. Furthermore, 11 U.S.C. § 105(a) allows this court to issue any order, process, or judgment that is necessary or appropriated to carry out the provisions of the Title 11 of the United States Code.

20. 11 U.S.C. § 363(c)(3) permits the holding of a preliminary hearing on a motion for authorization to use cash collateral and further permits this court to issue an interim order authorizing the use of cash collateral if there is a reasonable likelihood that the trustee (or a debtor-in-possession) would prevail at the final hearing.

21. Under 11 U.S.C. § 363(e), the court may condition the use of

-6-

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 6   Filed 04/20/11   Page 6 of 15

cash collateral as is necessary to provide for adequate protection of the secured creditor's interest. Adequate protection under 11 U.S.C. § 363 should be treated the same as under 11 U.S.C. § 362. In re McCombs Properties IV, Ltd., 88 B.R. 261, 266 (Bankr.C.D.Cal. 1988). An "equity cushion is an acceptable method of adequate protection under 11 U.S.C. § 362. See In re Mellor, 734 F.2d 1396 (9th Cir. 1984).

22. In In re Heath, 79 B.R. 616, 618 (Bankr.E.D.Pa. 1987), the court denied a motion for relief from automatic stay and held that although the secured creditor established a prima facie case for "cause" based on debtor's failure to make post-petition payments, the debtor's substantial equity cushion in the property provided adequate protection for the secured creditor's interest. The court defined "equity cushion" as:

> The value in the property, above the amount owed to the creditor with a secured claim, that will shield that interest from loss due to any decrease in the value of the property during the time the automatic stay remains in effect. Id.

The court found adequate protection where there was a thirty-nine (39%) percent equity cushion shielding the creditor from decrease in value. Id.

23. In In re Mathews, 208 B.R. 506, 510-511 (Bankr.N.D.Ala. 1997), citing In re James River Associates, 148 B.R. 790, 796 (E.D.Va. 1992), the court stated, "If a debtor has equity in a property sufficient to shield the creditor from either the declining value of the collateral or an increase in the claim from accrual of interest or expenses, then the creditor is adequately protected." Where there is an equity cushion of 36% and debtor has missed two mortgage payments of $198.89 each, the

-7-

secured creditor's financial interest in the property is adequately protected and the secured creditor is not entitled to relief from stay under 11 U.S.C. § 362 (d)(1) or (d)(2) Id. at 512.

24. In In re McCombs Properties IV, Ltd., supra at 267, in determining whether there was adequate protection for an order authorizing use of cash collateral, the court found an equity cushion of $289,000.00 (after costs of sale) was sufficient adequate protection for a creditor that was owed about $2.5 million secured by a mortgage on real property valued at $2.875 million.

25. MK Pacific is owed about $6 million and has mortgages on several parcels of real property having a total value of about $16.65 million. The equity cushion is about $10.65 million or nearly 64%. MK Pacific has a cash collateral lien on (1) rental revenue of $1,000.00 per month from the Ala Wai Property and (2) gross revenues between $160,000.00 and $221,000.00 per month or net income between $11,000.00 and $43,000.00 per month from the Lotus Hotel. Even if Debtor pays no interest to MK Pacific on the debt secured by the Lotus Hotel properties and the Ala Wai Property, MK Pacific is adequately protected by the equity cushion in those real properties because a substantial period of time would have pass before the equity cushion is eroded.

**IV. Request for Expedited Hearing**

26. An expedited preliminary hearing is necessary so that Castle Resorts on behalf of Debtor may continue to use cash collateral to operate and manage the Lotus Hotel. The next pay date for employees of the Lotus Hotel is April 22, 2011. If Castle

-8-

Resorts is not able to pay the employees, the operations of the Lotus Hotel will be immediately and irreparably harmed.

27. LBR 9013-1(b)(4) allows this court to shorten time for notice of any hearing. Fed. Rules Bankr. Proc. Rule 6003 allows this Court to grant the relief requested by this motion even if within 21 days of the date of the petition where the relief is necessary to avoid immediate and irreparable harm.

28. Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure states as follows:

> The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 15 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 15 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

29. Upon the filing of this motion, Debtor will attempt to give telephonic notice of this motion to the following creditors and parties in interest:

    (A) the Office of the United States Trustee,

    (B) the creditors listed on the list of 20 largest unsecured creditors, and

    (C) MK Pacific, who is a secured creditor, and its counsel Tom Roesser of Carlsmith Ball.

30. Upon the setting of the expedited hearing, Debtor will attempt to send and give notice of the hearing on this motion by

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 6   Filed  04/20/11   Page 9 of 15

telephone and fax to the following creditors and parties in interest:

    (A) the Office of the United States Trustee,

    (B) the creditors listed on the list of 20 largest unsecured creditors, and

    (C) MK Pacific, who is a secured creditor, and its counsel, Tom Roesser of Carlsmith Ball.

31. Upon the setting of the expedited hearing, Debtor will send notice of the hearing on its motion for interim and final orders authorizing use of cash collateral by mail to all creditors.

**V. Request for Final Hearing**

32. Pursuant to Fed. Rules Bankr. Proc. Rule 4001(b)(2) and (c)(2), Debtor requests that this Court set a date for the final hearing that is as soon as practicable and fix the time and date for parties to file objections to this motion.

**VII. Conclusion**

33. For the reasons state above, Debtor respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit 1, granting the relief requested herein and granting such other relief as this Court deems appropriate.

-10-

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 6   Filed  04/20/11   Page 10 of 15

DATED: Honolulu, Hawaii, April 19, 2011.

        <u>/s/ Donald L. Spafford, Jr.</u>
        DONALD L. SPAFFORD, JR.
        Attorney for Debtor

---

Bankruptcy Case No. 11-01032: In Unity House, Inc.: DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2)

DONALD L. SPAFFORD, JR.    6188
Pauahi Tower, Suite 470
1003 Bishop Street
Honolulu, HI 96813
Phone: (808) 532-6300
Fax: (808) 532-6309
e-mail: spafford@lava.net

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re ) | Case No. 11-01032 | |
| ) | (Chapter 11) | |
| UNITY HOUSE, INCORPORATED, ) | | |
| ) | INTERIM ORDER GRANTING DEBTOR'S | |
| Debtor. ) | EMERGENCY MOTION FOR | |
| ) | INTERIM AND FINAL ORDERS | |
| ) | AUTHORIZING USE OF CASH | |
| ) | COLLATERAL PURSUANT TO 11 | |
| ) | U.S.C. § 363(c)(2) FILED ON | |
| ) | APRIL 20, 2011; EXHIBITS "A" | |
| ) | AND "B" | |
| ) | | |
| ) | Hearing Date: | |
| ) | Time: | |
| ) | Judge: Hon. Robert J. Faris | |
| ) | | |
| ) | Related Docket No. | |
| _____) | | |

INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR
INTERIM AND FINAL ORDERS AUTHORIZING USE OF
CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2)
FILED ON APRIL 20, 2011

Debtor UNITY HOUSE, INCORPORATED's Emergency Motion for Interim and Final Orders Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2), filed on April 20, 2011, came on for hearing before this Court at ____ __m. on _____ _____. Donald L. Spafford, Jr. appeared on behalf of the Debtor. [_____ appeared on behalf of the Office of the United States Trustee and _____ appeared on behalf of MK Pacific,

EXHIBIT "1"

LLC.] No other parties were present or represented. The Court being duly advised of the matter and having reviewed movants' motion and all oppositions or responses that were, and for the reasons stated in open court pursuant to Rules 7052 of the Federal Rules of Bankruptcy Procedure,

IT IS HEREBY ORDERED that:

1. The Motion is granted on an interim basis subject to the terms and conditions set forth herein.

2. Castle Resorts and Hotels on behalf of the Debtor is authorized to use the cash collateral in the operation and management of The Lotus Hotel at Diamond Head ("Lotus Hotel") for the period from April 20, 2011 to the date of the final hearing; provided such use shall be in accordance with the 90-day budget for the Lotus Hotel attached hereto as Exhibit "A".

3. Debtor is authorized to use the cash collateral for the maintenance and preservation of its assets and operations for the period from April 20, 2011 to the date of the final hearing; provided such use shall be in accordance with the 90-day budget for the Debtor attached hereto as Exhibit "B".

4. MK Pacific LLC is granted replacement liens in the Debtor's post-petition cash collateral, notwithstanding 11 U.S.C. § 552.

5. Debtor shall provide monthly reports to MK Pacific reporting on the uses made of cash collateral each month. A report shall be provided to MK Pacific, LLC within 10 days after the end of each calendar month.

6. Pending further order of this court, Debtor shall not be required to make any adequate protection payments; provided that this order is without prejudice to the rights of the Debtor, MK Pacific, LLC, or any other creditor or party-in-interest.

7. The final hearing on the motion shall be held on _____, 2011 at _____ __.m. in the courtroom of this United States Bankruptcy Court. Any opposition or objection to this motion to be heard at the final hearing shall be filed by _____, 2011.

8. Debtor shall serve a copy of this order and the notice of the final hearing by first class mail within one business day from the entry of this order on the following creditors and parties in interest:

  (A) the Office of the United States Trustee,

  (B) the creditors listed on the list of 20 largest unsecured creditors, and

  (C) MK Pacific, LLC and its counsel, Tom Roesser of Carlsmith Ball.

8. Bankruptcy Rule 4001(b) has been satisfied as the relief requested in the motion is necessary to avoid immediate and irreparable harm to the Debtor.

9. The terms of this order shall be immediately effective and enforceable upon entry, notwithstanding any applicability of Bankruptcy Rule 6004(h).

-3-

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 6   Filed  04/20/11   Page 14 of 15

DATED: Honolulu, Hawaii, _____.


                                    _____
                                    United States Bankruptcy Judge

---

Bankruptcy Case No. 11-01032: In re Unity House, Incorporated: ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) FILED ON APRIL 20, 2011