DONALD L. SPAFFORD, JR.    #6188
Pauahi Tower, Suite 470
1003 Bishop Street
Honolulu, HI 96813
Phone: (808) 532-6300
Fax: (808) 532-6309
e-mail: spafford@lava.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | Case No. 11-01032 |
| | ) | (Chapter 11) |
| UNITY HOUSE, INCORPORATED, | ) | |
| | ) | DEBTOR'S MOTION FOR ORDER |
| Debtor. | ) | APPROVING PRIVATE SALE OF REAL |
| | ) | PROPERTY OF THE ESTATE OUTSIDE |
| | ) | THE ORDINARY COURSE OF |
| | ) | BUSINESS, FREE AND CLEAR OF ALL |
| | ) | LIENS, CLAIMS, AND INTERESTS, |
| | ) | AND SETTING DEADLINE FOR |
| | ) | SUBMITTING OBJECTIONS |
| | ) | |
| | ) | |
| | ) | Hearing |
| | ) | Date: TBD |
| | ) | Time: TBD |
| | ) | Judge: Hon. Robert J. Faris |
| _____ | ) | |

THIS MOTION AFFECTS THE PROPERTY RIGHTS OF MK PACIFIC, LLC

DEBTOR'S MOTION FOR ORDER APPROVING PRIVATE SALE
OF REAL PROPERTY OF THE ESTATE OUTSIDE THE
ORDINARY COURSE OF BUSINESS, FREE AND CLEAR
OF ALL LIENS, CLAIMS, AND INTERESTS, AND SETTING
<u>DEADLINE FOR SUBMITTING OBJECTIONS</u>

Debtor UNITY HOUSE, INCORPORATED ("Debtor"), through its undersigned counsel, hereby moves this Court for an order approving the private sale of real property of the estate outside the ordinary course of business, free and clear of all liens, claims, and interests, and setting a deadline for objections so

that the Debtor can sell its interest in the hotel and real properties known as The Lotus at Diamond Head located at 2885 Kalakaua Avenue, Honolulu, Hawaii 96815.  This motion is based on the declaration of debtor's Chairman and exhibits filed therewith and the records and files herein.

**I. JURISDICTION**

1.  This court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This court is the proper venue under 28 U.S.C. §§ 1408 and 1409.

2. Relief is requested pursuant to 11 U.S.C. § 363(b)(1), Fed. Rules Bankr. Proc. Rules 2002 and 6004, and LBR 6004-1.

**II. GENERAL INFORMATION**

3. On April 13, 2011, Debtor filed its petition in this court seeking relief under Chapter 11 of the Bankruptcy Code.

4. No creditors' committee has been appointed yet in this case. No trustee has been appointed for this case.

5. Debtor is a nonprofit corporation established and existing under the laws of the State of Hawaii and provides various benefits and events for its beneficiaries, including members of the Local 996, Teamsters Union, and the Local 5, Hotel and Restaurant Workers Union.  Debtor's head office is located at 1701 Ala Wai Boulevard, Honolulu, Hawaii 96815 (the "Ala Wai Property").

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 45   Filed  05/13/11   Page 2 of 11

6. Debtor is the owner of a hotel known as The Lotus at Diamond Head located at 2885 Kalakaua Avenue, Honolulu, Hawaii 96815 ("Lotus Hotel"). The Lotus Hotel building sits on leasehold property, and its two parking lots are on fee simple parcels owned by the Debtor ("Lotus Hotel properties"). Debtor has also filed a motion for approval of its purchase of the fee simple interest in the leasehold property under the Lotus Hotel building which it will then sell in conjunction with the sale of its current interests in the Lotus Hotel properties.

7. The Lotus Hotel properties are Debtor's most valuable asset. The last appraisal of the Lotus Hotel properties in September 2010 determined the value to be $12.69 million (see Exhibit 5 in Docket No. 40). A new appraisal of the Lotus Hotel properties is currently being done. Castle Resorts and Hotels ("Castle Resorts") manages and operates the Lotus Hotel on behalf of the Debtor under a hotel management contract.

8. MK Pacific, LLC ("MK Pacific") holds the only mortgage on the Lotus Hotel properties. MK Pacific also holds a mortgage on the Ala Wai Property. These mortgages secure a loan by MK Pacific to Debtor in the original amount of $5.5 million. Debtor estimates the total amount currently owed is about $6 million. A copy of the title report for the Lotus Hotel properties is attached as Exhibit "1" to the Declaration of James Boersema filed herewith.

9. MK Pacific also is the lessee under a 75-year commercial lease for the entire second floor of the Lotus Hotel. MK Pacific is required to pay rent of $1.00 per month under that lease. [MK Pacific's leasehold interest in the second floor space in the Lotus Hotel has been valued at $2,000,000.00 (where?).]

-3-

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 45   Filed 05/13/11   Page 3 of 11

10. On February 11, 2011, MK Pacific filed against the Debtor a complaint for judicial foreclosure, appointment of receiver, and breach of covenant in the Circuit Court of the First Circuit, commencing the case entitled "MK Pacific, LLC v. Unity House, Incorporated," Civil No. 11-1-0330-02. Under the terms of the promissory note issued by the Debtor to MK Pacific and the loan agreement between the Debtor and MK Pacific, all amounts of principal, interest, and other charges came due on the maturity date of December 23, 2010. At the time the foreclosure complaint was filed, Debtor was in default under that promissory note and that loan agreement. As of January 31, 2011, the amount due and owing from the Debtor to MK Pacific was $5,879,500.00.

**III. SALE AGREEMENT**

11. Nobuka USA, Inc. ("Buyer") approached the Debtor about buying the Lotus Hotel properties and offered to purchase the Lotus Hotel properties on the terms set forth in a letter of intent misdated February 28, 2010, a copy of which is attached as Exhibit "2" to the Declaration of James Boersema filed herewith. Buyer will purchase the property pursuant to the terms and conditions of the purchase and sale agreement (the "Sale Agreement"), a copy of which will be submitted to this court on May 16, 2011 per the Buyer's counsel.

12. Buyer has agreed to buy the Lotus Hotel properties (including all improvements thereon) plus the fee interest in the leasehold property under the Lotus Hotel building for the total price of $18,500,000.00. The sale is conditioned on Debtor's acquisition of the fee interest in the parcel on which the Lotus Hotel building is located. Of this purchase price, $1,000,000.00 is to be deposited into escrow on May 19, 2011, of which Debtor

-4-

is allowed to apply $104,200.00 to the deposit due on the purchase of the fee interest for the Lotus Hotel building property on May 20, 2011. The balance of $17,500,000.00 will be paid at closing. There is no financing contingency for this sale.

13. Under the Sale Agreement, closing is to occur on July 2, 2011. At closing, Buyer is to receive the Lotus Hotel properties, including the fee interest to be acquired by Debtor, free and clear of any and all interests in those properties.

14. Buyer is not related to Debtor or any officers or directors of the Debtor. Buyer is not an "insider" as that term is defined in 11 U.S.C. § 101(31). The terms and conditions of the sale were negotiated at arms length and in good faith between Debtor and Buyer. There is no break-up fee payable to Buyer. Debtor seeks a determination by this court that the Buyer is a good faith purchaser.

15. Because all amounts of principal, interest, and other charges owed MK Pacific under the promissory note and the loan agreement came due on the maturity date of December 23, 2010, Debtor must sell the Lotus Hotel properties in order to pay those amounts to MK Pacific properties. The Lotus Hotel operations currently generate insufficient income to pay even the interest on the debt owed to MK Pacific. Debtor could attempt to obtain refinancing to pay off the amounts owed to MK Pacific, but that would entail great risk and could result in Debtor defaulting on the refinancing because the Lotus Hotel operations may generate insufficient income to pay the interest due on the refinancing.

16. Debtor does not believe that it would be able to find

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 45   Filed  05/13/11   Page 5 of 11

another buyer willing to pay a higher net price for the Lotus Hotel properties.  Debtor believes that the sale price under the Sale Agreement accurately represents the fair market value of the Lotus Hotel properties, including the fee interest in the parcel under the Lotus Hotel building.  Debtor further believes that conducting more rigorous sale procedures would only cause the Debtor to incur additional administrative expenses to reach a sale price that would likely not exceed the sale price to be paid by Buyer under the Sale Agreement.

17.  Debtor seeks authority to sell the Lotus Hotel properties, including all improvements thereon, together with the fee interest in the land under the Lotus Hotel building it is seeking to acquire in conjunction with this sale, free and clear of all liens, claims and encumbrances.  Any perfected, enforceable valid liens on the Lotus Hotel properties will be transferred, and shall attach, to the proceeds from the sale according to priorities established under applicable law.

**III. LEGAL BASIS FOR RELIEF REQUESTED**

18. Under 11 U.S.C. § 363(b)(1), after notice and a hearing, a trustee, including a debtor-in-possession, is allowed to sell property of the estate outside the ordinary course of business. Furthermore, under 11 U.S.C. § 363(f), a trustee, including a debtor-in-possession, may sell property free and clear of any interest of any entity in the property if:

    (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest,
    (2) such entity consents,
    (3) such interest is a lien and the price at which such

property is to be sold is greater than the aggregate value of all liens on such property

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

19. Under Fed. Rules Bankr. Proc. Rule 6004(f)(1), any sale of property not in the ordinary course of business may be either by private sale or by public auction. Bankruptcy Courts have wide discretion in approving a sale under 11 U.S.C. §363. See Wintz v. American Freightways, Inc. (In re Wintz Cos.), 291 F.3d 807, 812 (8th Cir. 2000). In approving a sale under 11 U.S.C. §363, the courts must determine that the transaction is in the best interest of the estate and usually defer to the debtor's sound business judgment. See Stephens Indus., Inc. v. McClung, 789 F.2d 386 (6th Cir. 1986); In re Montgomery Ward Holding Corp., 242 B.R. 147 (D.Del. 1999).

20. Courts have allowed a debtor in possession to sell assets outside the ordinary course of business prior to confirmation of a reorganization plan where there exists: (i) a sound business reason for the sale, (ii) adequate and reasonable notice of sale; and (iii) a fair and reasonable price or good faith negotiations with the purchaser. See In re Abotts Dairies, 788 F.2d 143, 147-150 (3rd Cir. 1986); In re Delaware & Hudson Railway Co., 124 B.R. 169, 176 (D. Del. 1991); In re Indus. Valley Refrigeration, 77 B.R. 15, 21 (E.D. Pa. 1987).

21. 11 U.S.C. § 363(f) makes clear that property, under specified conditions, may be sold unencumbered of interests held by others. See Precision Industries, Inc. v. Qualitech Steel SBQ, LLC, 327 F.3d 537, 544 (7th Cir. 2003). The term "any

interest" as used in 11 U.S.C. § 363(f) is sufficiently broad to include a lessee's possessory interest. Id. at 545. Accordingly, 11 U.S.C. § 363(f) authorizes a sale free and clear of a lessee's interest if one of the five conditions in that statute is satisfied. Id. at 546. The terms of 11 U.S.C. § 365(h) do not supersede those of 11 U.S.C. § 363(f). Id. at 547.

22. 11 U.S.C. 363(e) provides a mechanism for protecting the rights of parties whose interests may be adversely affected by the sale of estate property. Id. at 547. A lessee whose interest is adversely effected by a sale of estate property may request adequate protection under 11 U.S.C. 363(e). Id. at 548. Adequate protection does not necessarily guarantee a lessee's continued possession of the property, but it does demand, in the alternative, that the lessee be compensated for the value of its leasehold interest. Id.

23. A similar result can be found in HRS § 668-12, which is a part of the Hawaii partition law. Under that section, if property subject to an estate for years is sold, proceeds of the sale become subject to the same estate in lieu of the property sold. If the parties cannot agree on the gross amount to be paid to the holder of the estate for years, then the court is to direct that the funds be invested and the income to be paid and the corpus eventually transferred to the parties entitled thereto, as they shall respectively be or become entitled. Id.

**IV. WAIVER OF STAY OF ORDER**

24. If the sale is approved, Debtor requests that the order approving sale be immediately effective and not subject to the 14-day stay under Fed. Rules Bankr. Proc. Rule 6004(h). Under

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 45   Filed 05/13/11   Page 8 of 11

that rule, the court may order that the 14-day stay not apply to the order approving the sale.

**V. REQUEST FOR EXPEDITED HEARING**

25. An expedited hearing is necessary so that Debtor can sell its interests in the Lotus Hotel and real properties on which the Lotus Hotel is located together with the fee interest that has become available to it. The trusts owning of the fee interest in the property on which the Lotus Hotel building is located has imposed deadlines on the Debtor for acquiring the fee interest. The trusts have required (1) that a deposit of $10,000.00 be made by May 5, 2011 (which has been made for the Debtor by its Chairman), (2) that the Debtor obtain this court's approval by May 18, 2011, (3) that an additional deposit of $102,400.00 be made by May 20, 2011, and (4) that the closing occur by not later than June 16, 2011 or July 2, 2011.

26. LBR 9006(b) and 9013-1(b)(4) allow this court to shorten time for notice of any hearing.

**VI. NOTICE**

27. Upon the filing of this motion, Debtor will attempt to give telephonic notice of this motion to the following creditors and parties in interest:

    (A) the Office of the United States Trustee,

    (B) the creditors listed on the list of 20 largest unsecured creditors, and

-9-

(C) MK Pacific's counsel Tom Roesser of Carlsmith Ball.

28. Upon the setting of the expedited hearing, Debtor will attempt to send and give notice of the hearing on this motion by telephone and fax to the following creditors and parties in interest:

(A) the Office of the United States Trustee,

(B) the creditors listed on the list of 20 largest unsecured creditors, and

(C) MK Pacific and its counsel, Tom Roesser of Carlsmith Ball.

29. Upon the setting of the expedited hearing, Debtor will send notice of the hearing on its motion for interim and final orders authorizing use of cash collateral by mail to all creditors.

**VII. Conclusion**

30. For the reasons state above, Debtor respectfully request that this Court enter an order authorizing the Debtor sell the Lotus Hotel properties, including the fee interest to be acquired by Debtor, to Buyer on the terms and conditions contained the Sale Agreement.

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 45   Filed  05/13/11   Page 10 of 11

Dated: Honolulu, Hawaii, May 13, 2011.

                                               /s/Donald L. Spafford, Jr.
                                               DONALD L. SPAFFORD, JR.
                                               Attorney for Debtor

-11-

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 45   Filed  05/13/11   Page 11 of 11