DONALD L. SPAFFORD, JR.     #6188
Pauahi Tower, Suite 470
1003 Bishop Street
Honolulu, HI 96813
Phone: (808) 532-6300
Fax: (808) 532-6309
e-mail: spafford@lava.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re ) | Case No. 11-01032 | |
| ) | (Chapter 11) | |
| UNITY HOUSE, INCORPORATED, ) | | |
| ) | DEBTOR'S MOTION FOR ORDER | |
| Debtor. ) | AUTHORIZING PURCHASE OF FEE | |
| ) | INTEREST IN REAL PROPERTY | |
| ) | | |
| ) | | |
| ) | Hearing | |
| ) | Date: TBD | |
| ) | Time: TBD | |
| ) | Judge: Hon. Robert J. Faris | |
| _____) | | |

DEBTOR'S MOTION FOR ORDER AUTHORIZING
PURCHASE OF FEE INTEREST IN REAL PROPERTY

Debtor UNITY HOUSE, INCORPORATED ("Debtor"), through its undersigned counsel, hereby moves this Court for an order authorizing it to purchase the fee interest in the property on which the hotel building of The Lotus at Diamond Head is located. This motion is based on the declaration of debtor's Executive Vice President and exhibits filed therewith and the records and files herein.

**I. JURISDICTION**

1. This court has jurisdiction over this matter under 28 U.S.C.

-1-

§§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This court is the proper venue under 28 U.S.C. §§ 1408 and 1409.

2. Relief is requested pursuant to 11 U.S.C. §§ 363(b)(1) and 364, Fed. Rules Bankr. Proc. Rules 2002, 4001 and 6004, and LBR 4001-2.

**II. GENERAL INFORMATION**

3. On April 13, 2011, Debtor filed its petition in this court seeking relief under Chapter 11 of the Bankruptcy Code.

4. No creditors' committee has been appointed yet in this case. No trustee has been appointed for this case.

5. Debtor is a nonprofit corporation established and existing under the laws of the State of Hawaii and provides various benefits and events for its beneficiaries, including members of the Local 996, Teamsters Union, and the Local 5, Hotel and Restaurant Workers Union.  Debtor's head office is located at 1701 Ala Wai Boulevard, Honolulu, Hawaii 96815 (the "Ala Wai Property").

6.  Debtor is the owner of a hotel known as The Lotus at Diamond Head located at 2885 Kalakaua Avenue, Honolulu, Hawaii 96815 ("Lotus Hotel").  The Lotus Hotel building sits on leasehold property, and its two parking lots are on fee simple parcels owned by the Debtor ("Lotus Hotel properties").  The trusts owning the fee interest in the leasehold property on which the Lotus Hotel building is located has offered to sell the fee interest to Debtor.  Concurrently herewith, Debtor has also filed

a motion for approval of its sale of the Lotus Hotel properties to include the fee simple interest that Debtor is seeking to acquire pursuant to this motion.

7. The Lotus Hotel properties are Debtor's most valuable asset. The last appraisal of the Lotus Hotel properties in September 2010 determined the value to be $12.69 million (see Exhibit 5 in Docket No. 40). A new appraisal of the Lotus Hotel properties is currently being done. Castle Resorts and Hotels ("Castle Resorts") manages and operates the Lotus Hotel on behalf of the Debtor under a hotel management contract.

8. MK Pacific, LLC ("MK Pacific") holds the only mortgage on the three parcels constituting the Lotus Hotel. This mortgage secures a loan by MK Pacific to Debtor in the original amount of $5.5 million. Debtor estimates the total amount currently owed is about $6 million. A copy of the title report for the Lotus Hotel properties is attached as Exhibit "1" to the Declaration of James Boersema filed herewith.

9. Because all amounts of principal, interest, and other charges owed MK Pacific under the promissory note and the loan agreement came due on the maturity date of December 23, 2010, Debtor must sell the Lotus Hotel properties in order to pay those amounts to MK Pacific properties. The Lotus Hotel operations currently generate insufficient income to pay even the interest on the debt owed to MK Pacific.

10. Concurrently herewith, Debtor has filed a motion for an order authorizing Debtor sell the Lotus Hotel properties to Nobuka USA, Inc. ("Buyer"), which has made its offer based on the Debtor first acquiring the fee interest in the Lotus Hotel

-3-

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 46   Filed 05/13/11   Page 3 of 7

building parcel. The Debtor's purchase of the fee interest will be immediately followed by its sale of the Lotus Hotel properties, including the fee interest, to Buyer. While Debtor will need to make a deposit towards the fee purchase, the funds to do so will come from Buyer from the deposit of $1,000,000.00 by Buyer towards the purchase price of $18,500,000.00 to be paid by Buyer to Debtor.

**III. PURCHASE AGREEMENT**

11. Debtor approached the Bank of Hawaii, trustee for the John Dawe, et al., Trust (the "Trust") about buying the fee interest in the parcel on which the Lotus Hotel building is located. Bank of Hawaii on behalf of the Trust and Debtor signed an agreement stating the terms for Debtor's purchase of that fee interest (the "Purchase Agreement"), a copy of which is attached as Exhibit "3" to the Declaration of James Boersema filed herewith.

12. Debtor will buy the fee interest in the leasehold parcel under the Lotus Hotel building for the total price of $5,620,000.00. The Trust owning the fee interest in the property on which the Lotus Hotel building is located has imposed deadlines on the Debtor for acquiring the fee interest.

13. The Trust has required (1) that a deposit of $10,000.00 be made by May 5, 2011, (2) that the Debtor obtain this court's approval for the fee purchase by May 18, 2011, (3) that an additional deposit of $102,400.00 be made by May 20, 2011, and (4) that the closing occur by no later than June 16, 2011 or July 2, 2011. The Chairman of the Debtor made the initial deposit of $10,000.00 on behalf of the Debtor on May 5, 2011 from his personal funds.

-4-

## III. LEGAL BASIS FOR RELIEF REQUESTED

14. Under 11 U.S.C. § 363(b)(1), after notice and a hearing, a trustee, including a debtor-in-possession, is allowed to use property of the estate outside the ordinary course of business. Furthermore, under 11 U.S.C. § 364(b), after notice and a hearing, a court may authorize a trustee, including a debtor-in-possession, to obtain unsecured credit.

## IV. WAIVER OF STAY OF ORDER

15. If the purchase is allowed, Debtor requests that the order authorizing the purchase of the fee interest in the Lotus Hotel building parcel be immediately effective and not subject to the 14-day stay under Fed. Rules Bankr. Proc. Rule 6004(h). Under that rule, the court may order that the 14-day stay not apply to the order approving the sale.

## V. REQUEST FOR EXPEDITED HEARING

16. An expedited hearing is necessary so that Debtor can acquire the fee interest in accordance the deadlines imposed by the Trusts. In turn, the Debtor will be selling all of its interest in the Lotus Hotel properties to Buyer.

17. LBR 9006(b) and 9013-1(b)(4) allow this court to shorten time for notice of any hearing.

## VI. NOTICE

18. Upon the filing of this motion, Debtor will attempt to give telephonic notice of this motion to the following creditors and

-5-

parties in interest:

    (A) the Office of the United States Trustee,

    (B) the creditors listed on the list of 20 largest unsecured creditors, and

    (C) MK Pacific's counsel Tom Roesser of Carlsmith Ball.

19. Upon the setting of the expedited hearing, Debtor will attempt to send and give notice of the hearing on this motion by telephone and fax to the following creditors and parties in interest:

    (A) the Office of the United States Trustee,

    (B) the creditors listed on the list of 20 largest unsecured creditors, and

    (C) MK Pacific and its counsel, Tom Roesser of Carlsmith Ball.

20. Upon the setting of the expedited hearing, Debtor will send notice of the hearing on its motion for interim and final orders authorizing use of cash collateral by mail to all creditors.

**VII. Conclusion**

21. For the reasons state above, Debtor respectfully requests that this Court enter an order authorizing the Debtor to purchase the fee interest from the Trusts on the terms and conditions contained in the Purchase Agreement.

-6-

U.S. Bankruptcy Court - Hawaii   #11-01032   Dkt # 46   Filed 05/13/11   Page 6 of 7

Dated: Honolulu, Hawaii, May 13, 2011.

                                        /s/Donald L. Spafford, Jr.
                                        DONALD L. SPAFFORD, JR.
                                        Attorney for Debtor